IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CRYSTAL GAYLE PETERSON,            )
                                   )
                    Plaintiff,     )
                                   )
           v.                      )      1:11CV710
                                   )
HOLMES OIL COMPANY,                )
                                   )
                    Defendant.     )

**MEMORANDUM OPINION, ORDER, AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1), filed in conjunction with Plaintiff's pro se form Complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Docket Entry 1-1 at 2).[1] The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2), as frivolous and for failing to state a claim.

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953

---

[1] Plaintiff originally filed said Application and Complaint in the Eastern District of North Carolina, but the district court there transferred the case to this Court. (See Docket Entry 3.)

(4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants . . . [and thus] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (some internal

2

quotation marks omitted). Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915(e)(2)(b)(ii), when the complaint does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>[2]

## DISCUSSION

Plaintiff's Complaint alleges that Defendant violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5, by having her charged with larceny by an employee on December 17, 2010, in

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read <u>Erickson</u> to undermine <u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying <u>Twombly</u> standard in dismissing pro se complaint). <u>Accord</u> <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Iqbal</u>, 129 S. Ct. at 1950, respectively)), <u>cert. denied</u>, 130 S. Ct. 2064 (2010).

retaliation for her action "approximately one month" earlier of "reporting the store manager to the district manager . . . [f]or calling [her] stupid which [she] felt was offensive." (Docket Entry 2 at 2.) The Complaint does not reflect that Plaintiff's foregoing report to the district manager constituted an objection to discrimination based on race, religion, sex, or national origin. (See id. at 2-4.) As a result, the Complaint fails to state a claim for retaliation in violation of Title VII and, indeed, so lacks any arguable basis in law as to qualify as legally frivolous. See, e.g., Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007) (holding that, to make out Title VII retaliation claim, plaintiff must show that alleged retaliatory conduct bore causal connection to "protected activity"); Kubicko v. Ogden Logistics Servs., 181 F.3d 544, 551 (4th Cir. 1999) (explaining that "protected activity" for purposes of Title VII retaliation claim requires either "voicing one's opinions" in opposition to discrimination prohibited by Title VII or "making a charge, testifying, or participating in any manner in a Title VII investigation, proceeding, or hearing"); Sajadian v. American Red Cross, No. 99-1263, 202 F.3d 260 (table), 1999 WL 1111455, at *1 (4th Cir. Dec. 7, 1999) (unpublished) (affirming summary judgment for employer on retaliation claim because, "[a]lthough [plaintiff] raised general concerns about her workload, hours, and denial of leave, there is no evidence that either [her employer or the person

4

to whom she complained] was aware that her complaints were based on an allegation of discrimination"); McNair v. Computer Data Sys., Inc., No. 98-1110, 172 F.3d 863 (table), 1999 WL 30959, at *5 (4th Cir. Jan. 26, 1999) (unpublished) ("[A] general complaint of unfair treatment does not translate into a charge of illegal discrimination." (internal ellipses and quotation marks omitted)); Brown v. Nguyen, Civ. Action No. 7:08-817-HFF-WMC, 2010 WL 836819, at *18 (D.S.C. Mar. 5, 2010) (unpublished) (adopting recommendation that plaintiff's complaint of "rude" conduct by superior failed to qualify as "protected activity").

**IT IS THEREFORE ORDERED** that Plaintiff's request to proceed as a pauper (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be **DISMISSED** as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2), but without prejudice to Plaintiff filing a new complaint that sets forth sufficient factual matter to support a Title VII retaliation claim.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                             **United States Magistrate Judge**
October 19, 2011